UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DARRELL MAYMON,

      Petitioner,

v.                                      CAUSE NO. 3:21-CV-626 DRL-MGG

WARDEN,

      Respondent.

## OPINION AND ORDER

Darrell Maymon, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (MCF-21-1-76) at the Westville Correctional Facility in which a disciplinary hearing officer (DHO) found him guilty of attempted assault on staff in violation of Indiana Department of Correction Offenses 111/117. Following a hearing, he was sanctioned with a loss of one thousand days earned credit time and two demotions in credit class. Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

Mr. Maymon argues that he is entitled to habeas relief because the conduct report included a date with the wrong year. The court construes this claim as both a sufficiency of the evidence claim and an inadequate notice claim.

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although

> some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000). To satisfy procedural due process, "written notice of the charges must be given to the disciplinary-action defendant in order to inform him of the charges and to enable him to marshal the facts and prepare a defense." *Wolff v. McDonnell*, 418 U.S. 539, 564 (1974).

The administrative record includes a conduct report in which a correctional officer represents that Mr. Maymon attempted to use his cane as a weapon against her. ECF 1 at 7. The issuing correctional officer placed the date of January 5, 2021, in three separate locations on the conduct report form: the date of the incident box, the date report written box, and in the narrative portion of the report. *Id.* The bottom of the form contains signatures boxes for the reporting officer, the supervising officer, and the screening officer. *Id.* Adjacent to these boxes is a box for a date in which the supervising officer wrote "1/5/20". *Id.* To Mr. Maymon's point, the date written inside of this box is likely an error, but it is unclear how this error could have violated his right to procedural due process or otherwise prejudiced him. The incorrect date did not deprive Mr. Maymon of notice of the charge against him, and the conduct report constitutes some evidence that Mr. Maymon attempted to assault a correctional officer. Therefore, the claim that the conduct report had an incorrect date is not a basis for habeas relief.

Mr. Maymon also argues that he is entitled to habeas relief because he did not receive a disciplinary hearing within seven business days as required by departmental policy. Procedural due process does not require correctional staff to provide a hearing

within a particular timeframe. *See Wolff*, 418 U.S. at 563-66. Moreover, the failure to follow departmental policy alone doesn't rise to the level of a constitutional violation. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991) ("state-law violations provide no basis for federal habeas relief"); *Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) (finding that inmate's claim that prison failed to follow internal policies had "no bearing on his right to due process"). The claim that Mr. Maymon didn't receive a timely hearing is not a basis for habeas relief.

Because Mr. Maymon has not asserted a valid claim for habeas relief, the habeas petition is denied. If Mr. Maymon wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). He may not proceed *in forma pauperis* on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 1);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES Darrell Maymon leave to proceed *in forma pauperis* on appeal.

SO ORDERED.

August 25, 2021                             *s/ Damon R. Leichty*
                                            Judge, United States District Court